IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MCKEBIA DARRESE BRAY, | : | |
| Petitioner, | : | |
| VS. | : | **1 : 10-CV-98 (WLS)** |
| WILLIAM TERRY, Warden, | : | |
| Respondent. | : | |

## ORDER AND RECOMMENDATION

Presently pending in this federal habeas petition is the Respondent's Motion to Sever and Dismiss Grounds One and Two as untimely. (Doc. 8). In this federal habeas petition, the Petitioner challenges three separate adjudications: 1) his May 29, 2002 Dougherty County guilty plea to charges of child molestation; 2) his April 10, 2006 First Offender probation revocation and adjudication of guilt on the child molestation charges; 3) his September 24, 2007 probation revocation order on the child molestation conviction. (Doc. 1). The Respondent maintains that Grounds One and Two of the petition, wherein the Petitioner challenges the 2002 guilty plea proceeding and the 2006 First Offender probation revocation/adjudication of guilt, should be severed and dismissed as untimely.

The Respondent asserts that pursuant to Rule 2(e) of the Rules Governing § 2254 Cases, Grounds One and Two should have been the subject of separate petitions, since these grounds challenge separate judgments of a state court. Furthermore, the Respondent asserts that these grounds are untimely, as the federal petition was filed more than one year after the Petitioner's conviction became final.

Petitioner was indicted by a Dougherty County grand jury on December 5, 2001 on charges

of rape, statutory rape, and child molestation. Petitioner pled guilty to child molestation and was sentenced in the Superior Court of Dougherty County as a First Offender to 20 years probation. On April 10, 2006, Petitioner's First Offender probationer status was revoked by the Superior Court of Dougherty County; he was adjudicated guilty of child molestation and the court revoked 68 days of his probation. On September 24, 2007 the Superior Court of Dougherty County revoked Petitioner's probation on the child molestation conviction and ordered Petitioner to serve 6 years in prison.

Petitioner filed a state habeas corpus petition on May 22, 2008. Following an evidentiary hearing, the state habeas court denied relief on September 18, 2009. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on January 25, 2010. Petitioner executed this federal habeas petition on July 26, 2010.

*Severance*

Petitioner challenges herein three separate judgments, all of which were issued by the Dougherty County Superior Court, under Dougherty County Superior Court case number 01R-1267. (Doc. 10, Exh. 5, pp. 301-02, 349-50, 409-10). Specifically Petitioner challenges: 1) his original guilty plea in 2002 to charges of child molestation; 2) his 2006 revocation of First Offender status and adjudication of guilt on the 2002 charges, based on Petitioner's alleged termination from a sex offender treatment program and failure to work at suitable employment; and 3) his 2007 probation revocation, based on allegations that Petitioner failed to register as a sex offender, failed to work at suitable employment, and worked at a church in violation of a Special Condition of probation. (Docs. 1, 6).

Rule 2(e) of the Rules Governing § 2254 Cases provides that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rule 2(e), however, does not mandate severance of this petition, as

Petitioner is challenging several judgments from only one state court, all of which were classified under Dougherty County Superior Court case number 01R-1267.  It is permissible for the Petitioner to challenge these judgments, arising out of one criminal case, in one federal habeas petition.  *Hardemon v. Quarterman*, 516 F.3d 272 (5th Cir. 2008)(rules governing § 2254 petitions permitted petitioner to challenge separate convictions from a single court in a single § 2254 petition); *Oquendo v. Crosby*, 2005 WL 2353890 (M.D.Fla.)(petitioner properly raised claims concerning two judgments in one habeas petition, as both judgments were entered by the same court, pertained to charges from a single information, and were assigned the same case number). Inasmuch as the Petitioner has properly raised challenges to judgments from one state court in one federal habeas petition, and it has not been shown that severance is otherwise appropriate herein, Respondent's Motion to Sever Grounds One and Two is **DENIED**.  *Timeliness*

Respondent asserts that Grounds One and Two of the Petitioner's original petition, if severed, are time-barred, as these grounds challenge aspects of Petitioner's 2002 guilty plea and 2006 revocation of first offender status.  However, the Eleventh Circuit has held that in a habeas petition challenging more than one state court judgment, "[t]he statute of limitations in § 2241(d)(1) applies to the application [for habeas relief] as a whole; individual claims within an application cannot be reviewed separately for timeliness." *Walker v. Crosby*, 341 F.3d 1240, 1245 (11th Cir. 2003).  The Eleventh Circuit further held that "under subparagraph (A) [of § 2244(d)(1)] we measure the statute of limitations from the date on which the [latest ] judgment became final." *Id.* at 1246.  Thus, it is not appropriate to look to the individual grounds challenging the 2002 guilty plea and 2006 revocation proceeding as measures of timely filing of this federal habeas petition.

The Court notes that Respondent has not asserted that Petitioner's petition, using the 2007 probation revocation as a measure of the statute of limitations, is untimely.  The Supreme Court has

held that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 126 S.Ct. 1675, 1684 (2006). If upon further review the Respondent determines that this petition is untimely, using Petitioner's 2007 probation revocation as the measure of finality for the calculation of timeliness, the Respondent will be allowed to file a Motion to Dismiss the petition on this basis.

Inasmuch as it is not necessary to sever the Petitioner's grounds for relief herein and the application as a whole has not been shown to be untimely filed, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss Grounds One and Two be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Miscellaneous motions*

Petitioner's Motion Not to Sever and Dismiss and Motion for Extension of Time to file briefs, both filed in response to the Respondent's Motion to Sever and Dismiss, have been fully considered but are **DENIED** as moot. (Docs. 11, 12).

Petitioner's Motion to Amend his petition, wherein he seeks to add ten grounds for relief, is hereby **GRANTED**. (Doc. 6). The Clerk of Court is directed to serve this Motion, which will serve as an amendment to the original petition, upon the Respondent.

**SO ORDERED AND RECOMMENDED**, this 27th day of May, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

asb