IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MCKEBIA DARRESE BRAY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| | : | |
| VS. | : | **1 : 10-CV-98 (WLS)** |
| | : | |
| WILLIAM TERRY, Warden, | : | |
| | : | |
| | : | |
| Respondent. | : | |

## ORDER AND RECOMMENDATION

Presently pending in this federal habeas petition is the Respondent's Motion to Sever and Dismiss as Moot the Grounds Challenging the Probation Revocation.  (Doc. 20).  Although directed to file a brief on the merits of the Petitioner's grounds for relief, the Respondent has filed this Motion to Sever and Dismiss, his second such motion filed in this § 2254 action.  (Docs. 8, 16, 18).

In this federal habeas petition, the Petitioner challenges three separate adjudications: 1) his May 29, 2002 Dougherty County guilty plea to charges of child molestation; 2) his April 10, 2006 First Offender probation revocation and adjudication of guilt on the child molestation charges; 3) his September 24, 2007 probation revocation order on the child molestation conviction.  (Doc. 1).  The Respondent maintains that certain grounds have been rendered moot by Petitioner's release from custody and completion of his 2007 probation revocation sentence.

Petitioner was indicted by a Dougherty County grand jury on December 5, 2001 on charges of rape, statutory rape, and child molestation.  Petitioner pled guilty to child molestation and was sentenced in the Superior Court of Dougherty County as a First Offender to 20 years probation.  On April 10, 2006, Petitioner's First Offender probationer status was revoked by the Superior

Court of Dougherty County; he was adjudicated guilty of child molestation and the court revoked 68 days of his probation.   On September 24, 2007, the Superior Court of Dougherty County revoked Petitioner=s probation on the child molestation conviction and ordered Petitioner to serve 6 years in prison.

Petitioner filed a state habeas corpus petition on May 22, 2008.   Following an evidentiary hearing, the state habeas court denied relief on September 18, 2009.   The Georgia Supreme Court denied petitioner=s application for a certificate of probable cause to appeal on January 25, 2010. Petitioner executed this federal habeas petition on July 26, 2010.

Respondent has not established a basis to sever the grounds for relief set forth by Petitioner. As set out in the Court's Recommendation on Respondent's first Motion to Sever, Petitioner challenges three separate judgments, all of which were issued by the Dougherty County Superior Court, under Dougherty County Superior Court case number 01R-1267. (Doc. 10, Exh. 5, pp. 301-02, 349-50, 409-10).   Rule 2(e) of the Rules Governing ▪ 2254 Cases does not mandate severance of this petition, as Petitioner is challenging several judgments from only one state court, all of which were classified under Dougherty County Superior Court case number 01R-1267.   It is permissible for the Petitioner to challenge these judgments, arising out of one criminal case, in one federal habeas petition.   *Hardemon v. Quarterman*, 516 F.3d 272 (5th Cir. 2008) (rules governing ▪ 2254 petitions permitted petitioner to challenge separate convictions from a single court in a single ▪ 2254 petition); *Oquendo v. Crosby*, 2005 WL 2353890 (M.D.Fla.) (petitioner properly raised claims concerning two judgments in one habeas petition, as both judgments were entered by the same court, pertained to charges from a single information, and were assigned the same case number).

The Court notes as well the Eleventh Circuit's "deep concern over the piecemeal litigation

of federal habeas petitions filed by state prisoners" and "the obligation of federal courts to consider the important interests of comity and finality implicated in federal habeas review of state convictions and sentences." *Clisby v. Jones*, 960 F.2d 925, 935 (11th Cir. 1992). Inasmuch as the Petitioner has properly raised challenges to judgments from one state court in one federal habeas petition, and it has not been shown that severance is otherwise appropriate herein, Respondent's Motion to Sever is **DENIED**. Respondent's arguments regarding the allegedly moot claims for relief will be considered when the Court considers the entire set of Petitioner's grounds for relief following the receipt of briefs from the parties.

Respondent is again **ORDERED and DIRECTED** to file a brief regarding Petitioner's grounds for habeas relief that were the subject of Respondent's second Motion to Dismiss **WITHIN FOURTEEN (14) DAYS** of the date of this Order. Petitioner shall have **TWENTY-ONE (21) DAYS** thereafter to file a brief in response to the Respondent's contentions.

Inasmuch as it is not necessary to sever the Petitioner's grounds for relief herein and any issues of mootness will be considered and addressed when all of Petitioner's grounds are properly briefed, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss as Moot the Grounds Challenging the Probation Revocation be **DENIED**. Pursuant to 28 U.S.C. 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED AND RECOMMENDED**, this 24th day of April, 2012.

s/ *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE