IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MCKEBIA DARRESE BRAY,               :
                                    :
        Petitioner,                 :
                                    :
                                    :
        VS.                         :          **1 : 10-CV-98 (WLS)**
                                    :
WILLIAM TERRY, Warden,              :
                                    :
                                    :
        Respondent.                 :
_____

## RECOMMENDATION

The Petitioner filed his original and amended Petitions for Writ of Habeas Corpus pursuant

to 28 U.S.C. ▪ 2254 challenging his Dougherty County convictions and probation revocation on

child molestation charges.  (Docs. 1, 6).  In his original and amended federal habeas Petitions, the

Petitioner challenges three separate adjudications: 1) his May 29, 2002 Dougherty County guilty

plea to charges of child molestation; 2) his April 10, 2006 First Offender probation revocation and

adjudication of guilt on the child molestation charges; 3) his September 24, 2007 probation

revocation order on the child molestation conviction.  *Id.*

Petitioner was indicted by a Dougherty County grand jury on December 5, 2001 on charges

of rape, statutory rape, and child molestation.  Petitioner pled guilty to child molestation and was

sentenced in the Superior Court of Dougherty County as a First Offender to 20 years probation.

On April 10, 2006, Petitioner▪s First Offender probationer status was revoked by the Superior

Court of Dougherty County; he was adjudicated guilty of child molestation and the court revoked

68 days of his probation.  On September 24, 2007 the Superior Court of Dougherty County

revoked Petitioner▪s probation on the child molestation conviction and ordered Petitioner to serve

6 years in prison.

Petitioner filed a state habeas corpus petition on May 22, 2008.  Following an evidentiary hearing, the state habeas court denied relief on September 18, 2009.  The Georgia Supreme Court denied petitioner=s application for a certificate of probable cause to appeal on January 25, 2010. Petitioner executed this federal habeas petition on July 26, 2010.

Petitioner challenges herein three separate judgments, all of which were issued by the Dougherty County Superior Court, under Dougherty County Superior Court case number 01R-1267. (Doc.  10, Exh. 5,  pp. 301-02, 349-50, 409-10).   Specifically Petitioner challenges: 1) his original guilty plea in 2002 to charges of child molestation; 2) his 2006 revocation of First Offender status and adjudication of guilt on the 2002 charges, based on Petitioner=s alleged termination from a sex offender treatment program and failure to work at suitable employment; and 3) his 2007 probation revocation, based on allegations that Petitioner failed to register as a sex offender, failed to work at suitable employment, and worked at a church in violation of a Special Condition of probation.  (Docs. 1, 6).

## Standard of Review

Pursuant to 28 U.S.C. ▪ 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication Aresulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.@ In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is Acontrary to@clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that

2

are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder ' 2254(d)(1)=s >unreasonable application= clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner=s case." *Id*. at.  407.  "In addition, a state court decision involves an unreasonable application of Supreme Court precedent >if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.=" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court=s adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. ' 2254(d).  In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act ("AEDPA" case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts.  *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3,

7 (2002); 28 U.S.C. ▪ 2254(d).

***Guilty plea***

    In Grounds 1, 2, and 6 of his Petition and amended Petition, the Petitioner challenges the voluntariness of his 2002 guilty plea to charges of child molestation.  In Ground 1, the Petitioner alleges that the trial judge failed to inform Petitioner that he had a right not to incriminate himself during the plea colloquy and that Petitioner's court appointed attorney failed to go over the waiver of rights form before having Petitioner sign it.  In Ground 2, the Petitioner alleges that his attorney coerced him into pleading guilty by telling Petitioner that his family told him to plead guilty.  In Ground 6, the Petitioner alleges that counsel coerced him into admitting to the offense of child molestation.

    ATo be valid, a guilty plea must be made voluntarily and with full knowledge of the consequences.@ *Pardue v. Burton*, 26 F.3d 1093, 1096 (11ᵗʰ Cir. 1994) (citing *Boykin v. Alabama*, 395 U.S. 238, 241-42 (1969)).  AVoluntariness implicates ›[i]gnorance, incomprehension,= and ›inducements= as well as ›coercion, terror= and ›threats=@ *Finch v. Vaughn*, 67 F.3d 909, 914 (11ᵗʰ Cir. 1995) (quoting *Boykin*, 395 U.S. at 242-43).  In order for a defendant to enter a valid guilty plea, he Amust have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternatives that are available.@ *Stano v. Dugger*, 921 F.2d 1125, 1142 (11ᵗʰ Cir. 1991) (quoting *LoConte v. Dugger*, 847 F.2d 745, 751(11th Cir. 1988)).  There is a strong presumption that the statements made by a petitioner/defendant during a guilty plea colloquy are true.  *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 (11ᵗʰ Cir. 1987).

In regard to the voluntariness of the Petitioner's guilty plea, the state habeas court found that:

> [o]nce a conviction entered upon a guilty plea becomes final, then challenges are "ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569; 109 S.Ct. 757 (1989). . . . In order for a guilty plea to be valid, it must be intelligently and voluntarily entered. Boykin v. Alabama, 395 U.S. 238, 242; 89 S.Ct. 1709 (1969) . . .
>
> . . . Petitioner was advised of the charges against him and the State's evidence. He was informed of the minimum and maximum sentences on the charges. Petitioner was advised of the plea agreement and State's recommendation. Petitioner accepted the plea agreement. Petitioner was also advised of the constitutional rights he was waiving by entering a guilty plea. Furthermore, Petitioner was not coerced into entering his plea of guilty. Therefore, Respondent has met his burden by establishing that Petitioner's plea of guilty was entered freely and voluntarily.

(Doc. 10-3, pp. 4-5).

The state habeas court's decision reveals that its conclusions regarding the voluntariness of the Petitioner's guilty plea were neither contrary to nor an unreasonable application of clearly established United States Supreme Court precedent. The court reviewed the guilty plea under the dictates of *Boykin v. Alabama*, the clearly established law in this area, and concluded that the Petitioner entered his guilty plea freely, knowingly, and intelligently. The state habeas court specifically reiterated that "[c]ounsel advised Petitioner of the terms of the plea agreement and the consequences of entering a plea of guilty. Petitioner freely and voluntarily chose to accept the plea agreement. Petitioner was not coerced into entering his plea of guilty." (Doc. 10-3, pp. 6-7). The Supreme Court has stated that "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of

guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989).

Thus, it appearing that the state habeas court's analysis of the Petitioner's guilty plea was neither contrary to nor an unreasonable application of federal law, and that the state habeas court did not issue an unreasonable determination of the facts, this Court is prohibited from issuing habeas relief on the basis of the Petitioner's challenges to the entry of his guilty plea.

### *Ineffective assistance of counsel*

In Ground 10, subground (ii), the Petitioner alleges that his counsel was ineffective in that he coerced Petitioner to enter his guilty plea.   Petitioner raised this claim in his state habeas petition, and it was ruled upon by the state habeas court.

In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).  The Petitioner "must overcome the presumption, that, under the circumstances, the challenged action 'might be considered sound [] strategy'". *Strickland*, 466 U.S. at 688 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  "Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989).

The two-prong *Strickland* test applies to guilty plea challenges, although the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the

outcome of the plea process.  In other words, in order to satisfy the >prejudice= requirement, the defendant must show that there is a reasonable probability that, but for counsel=s errors, he would not have pleaded guilty and would have insisted on going to trial.@ *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697. The Court's determination of prejudice to the Petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696.

After setting out and discussing the *Strickland* standard, the state habeas court found that:

> [a]lthough at trial the victim recanted, the State presented the victim's previous statement that Petitioner had been having sex with her since she was nine (9) years old and at that time she was thirteen (13) years old.  The victim further stated that she had become pregnant by Petitioner twice during that time frame but miscarried both times.  At trial, Petitioner received a hung verdict with eleven (11) of the twelve (12) jurors voting to convict.  As a result, the district attorney's office made a plea offer to Petitioner. The terms of said offer were that Petitioner would plead guilty to one count of child molestation, he would receive time served in jail, 10 years probation, and First Offender Treatment.  Counsel advised Petitioner of the terms of the plea agreement and the consequences of entering a plea of guilty.  Petitioner freely and voluntarily chose to accept the plea agreement.  Petitioner was not coerced into entering his plea of guilty.  Thus, Petitioner has failed to satisfy the performance prong under Strickland.  Petitioner did not show that counsel's representation was not within the range of competence demanded of attorneys in criminal cases.  Therefore, Petitioner has failed to establish ineffective assistance of counsel in this particular

claim.

(Doc. 10-3, pp. 6-7).

It does not appear, nor has Petitioner shown, that the state habeas court's decision in this matter was contrary to or an unreasonable application of federal law.  The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that Petitioner's counsel provided the Petitioner with effective representation.  Relying on the principles of *Strickland* and its incorporation into Georgia law, the court found that counsel was not deficient and did not prejudice Petitioner.  The facts as found by the state habeas court evidence counsel's effective representation.  The state habeas court's decision is not contrary to or an unreasonable application of clearly established federal law, nor is it unreasonable under the facts of this case.  Therefore, that portion of Ground 10 alleging that counsel was ineffective in that he coerced Petitioner into pleading guilty will not support the granting of habeas relief herein.

**Claims rendered moot by Petitioner's release from custody**

Respondent asserts that the following grounds have been rendered moot by Petitioner's completion of his revoked sentence:  portion of Ground 3, Grounds 4, 5, 7, portion of Ground 8, and Grounds 11, 12, and 13.  In these grounds, the Petitioner challenges his 2007 probation revocation proceeding.  Petitioner was released from confinement on the probation revocation on November 22, 2010.

"Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit [challenging the validity of the conviction] is to be maintained."  *Spencer v.*

*Kemna*, 523 U.S. 1, 7 (1998).  In regard to a challenge to the revocation of probation, as raised

by the Petitioner in the grounds identified by the Respondent, once the period of reincarceration is

complete, it "cannot be undone [and] [s]ubsistence of the suit requires . . . that continuing

'collateral consequences' be . . . proved."  *Id.* at 8.  Petitioner herein has clearly completed his

period of reincarceration based on the 2007 revocation of his probation, and his claims attacking

the revocation have been rendered moot, unless the Petitioner can show collateral consequences

resulting from the revocation.  As Petitioner has made no showing of collateral consequences of

his probation revocation, his claims attacking the revocation have been rendered moot and will

not support the granting of habeas relief herein.

### *Procedurally defaulted claims*

In a portion of Ground 3 and portions of Ground 10, the Petitioner raises claims not

previously raised in any of his collateral proceedings.  Specifically, in Ground 3, Petitioner asserts

that his probation revocation violated the protection against double jeopardy, and in subgrounds

(i) and (iii) of Ground 10, Petitioner asserts that he received ineffective assistance of counsel in

that counsel failed to explain the waiver of his rights and failed to fully inform Petitioner of his

appeal rights.

Under Georgia law, any grounds for habeas relief not raised in an original or amended

habeas petition:

> are waived unless the Constitution of the United States or of this
> state otherwise requires or unless any judge to whom the petition is
> assigned, on considering a subsequent petition, finds grounds for
> relief asserted therein which could not reasonably have been raised in
> the original or amended petition.

O.C.G.A. 9-14-51.

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991).  Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the Petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

Herein, the Petitioner did not raise the claims set forth in a portion of Ground 3 of his original Petition and in subgrounds (i) and (iii) of Ground 10 of the amended Petition in the state proceedings below, rendering the claims procedurally defaulted.  Petitioner has failed to establish either cause or prejudice for the procedural default of the claims at issue.  The Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard.

***Failure to state a claim***

The Respondent maintains that a portion of Ground 8 and Ground 9 of Petitioner's amended Petition fail to raise valid grounds for federal habeas relief.  The Court agrees.  These grounds, wherein the Petitioner alleges that he was deprived of due process in his state habeas proceedings, fail to state a claim for federal habeas relief, as alleged infirmities in state habeas

court proceedings do not entitle a federal habeas petitioner to relief.  *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11ᵗʰ Cir. 2004)("while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.").  Accordingly, these grounds will not support the granting of the writ herein.

### *Conclusion*

Inasmuch as none of the grounds raised by the Petitioner will support the granting of federal habeas relief,  **IT IS RECOMMENDED** that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. ▪ 2254 be **DENIED**.  Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W.  Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. ▪ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 6ᵗʰ day of September, 2012.

s/  *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

11